### CLARKE v. CRIMMINS.

*(Supreme Court, General Term, First Department.   July 18, 1890.)*

NEGLIGENCE—EVIDENCE.

 Defendant constructed a bridge over a trench he was digging in a public thoroughfare. A wagon passing over the bridge struck a loose beam lying thereon, causing it to tilt up and strike and injure plaintiff. There was evidence from which it might be inferred that the beam was placed on the bridge by defendant to divide the drive-way from the footpath, and it appeared that defendant's employer replaced the beam when it was knocked out of position. *Held,* that the question of defendant's negligence should have been submitted to the jury, though the driver of the wagon might have been more careful.

Appeal from circuit court, New York county.

Action by Kate E. Clarke against John D. Crimmins. From a judgment rendered in favor of defendant upon a dismissal of her complaint the plaintiff appeals.

Argued before BARTLETT and BARRETT, JJ.

*Lowrey, Stone & Auerbach,* for appellant.   *Beekman & Ogden,* for respondent.

BARRETT, J. The real question upon this appeal is whether the defendant was responsible for the existence at the point in question of the piece of timber which injured the plaintiff. If he was, then I see no reason for the nonsuit. It was negligence to leave an unsecured beam loose at such a place. At all events, the question of negligence was plainly for the jury. At the time of the accident the defendant was digging a trench in Broadway, below Liberty street, and he had there constructed a bridge over such trench. This was some ten days or two weeks before the plaintiff was injured, and the subway work was still progressing when the accident occurred. A loose beam was left lying upon this bridge, and it had occasionally been knocked out of position prior to the accident, and replaced by laborers on the subway. The accident was caused by the hind wheel of a coal-cart running upon one of the ends of the beam and tilting the other end up. The end which was thus ele-

vated struck the plaintiff on her head, and injured her. It seems to us quite clear that a *prima facie* case was thus made out against this defendant. There was no presumption that a stranger had deposited the beam upon the bridge. On the contrary, there was a fair inference, for the consideration of the jury, that the defendant or his servants had placed it there to serve as a line of division between the footpath and the road-way. His employes, too, replaced it when it was knocked out of position, and, indeed, everything in the case tended to support the presumption that it was part of the defendant's bridge. Such was probably the fact, and the jury would have been quite justified in so finding. This beam should either have been removed altogether or securely nailed to the bridge, certainly, when it was seen that accidents might occur from its being knocked about by passing vehicles. The case in our judgment should have been left to the jury. Nor can the nonsuit be sustained upon the theory of the negligence of the driver of the coal-cart. He had a right to proceed freely upon the public highway, without being delayed, hindered, or embarrassed by illegal or negligent obstructions. The defendant, if guilty of negligence with regard to the beam, and thus the primary factor, cannot escape because the driver might have withdrawn from a position where he had a right to be, or deviated from his proper direction, or otherwise treated the obstruction with greater circumspection. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.